

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00158-CR

**JOHN WESLEY VAUGHN,**

                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                      **Appellee**

---

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 15-00320-CRF-85**

---

## MEMORANDUM OPINION

---

John Vaughn appeals from a conviction for aggravated assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Vaughn complains that the trial court abused its discretion by excluding evidence of nine prior bad acts of the victim (Issues One – Nine), the jury charge erroneously contained a "provoking the difficulty" instruction in the guilt-innocence phase, and the evidence was insufficient to disprove the justification of self-defense. Because we find no reversible error, we affirm the judgment of the trial court.

Vaughn and Glasshoff were neighbors in a rural residential area in Brazos County and had a contentious relationship for many years. On October 24, 2014, Vaughn shot Glasshoff through the back window of Glasshoff's truck while Glasshoff was sitting in the truck on a public road. Vaughn contended that he shot Glasshoff in self-defense.

**EXCLUSION OF EVIDENCE**

In his first nine issues, Vaughn complains that the trial court abused its discretion by refusing to admit evidence of nine prior bad acts of Glasshoff which were admissible to establish his claim of self-defense. Vaughn contends that the first four bad acts were admissible to establish Vaughn's state of mind and the reasonableness of his claim of apprehension of danger from Glasshoff. Vaughn contends that the last five acts were admissible to show that Glasshoff was the first aggressor in the shooting incident.

*Reasonableness of Claim of Apprehension of Danger*

The first four bad acts that Vaughn complains that he was not allowed to elicit evidence regarding were: cross-examination of Glasshoff regarding whether he had ever aggressively backed his truck toward Vaughn (issue one); cross-examination of Glasshoff regarding whether he had ever physically struck Vaughn (issue two); evidence that Vaughn knew that Glasshoff had previously shot a gun at a neighbor's two daughters (issue three); and evidence showing Glasshoff admitted driving aggressively when he struck Vaughn with his truck five months before the shooting (issue four).

A defendant may offer reputation or opinion testimony or evidence of specific prior acts of violence by the victim to show the "reasonableness of [the] defendant's claim of apprehension of danger" from the victim. *Ex parte Miller*, 330 S.W.3d at 618 (*citing Torres v State*, 71 S.W.3d 758, 760 & n.4 (Tex. Crim. App. 2002)). This evidence is offered to show the defendant's own self-defensive state of mind and the reasonableness of that state of mind. *Id*. at 618-19; *Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). However, the defendant must show that he was aware of the victim's specific prior acts for the evidence to be admissible for this purpose. *Torres*, 71 S.W.3d at 760 n.4.

In issue one, Vaughn complains that the trial court erred by not allowing him to question Glasshoff during cross-examination regarding a prior event when he contended that Glasshoff had allegedly aggressively backed his truck up toward Vaughn. When counsel for Vaughn started to question Glasshoff regarding backing up toward Vaughn previously, the State objected pursuant to Rule of Evidence 608. A discussion was held at the bench where Vaughn expressed that he was attempting to show that on a prior occasion Glasshoff had backed up toward Vaughn. The trial court sustained the objection but then asked counsel for Vaughn why the evidence was relevant. Counsel for Vaughn expressed that Glasshoff had aggressively backed up on a prior occasion approximately five months before the shooting and Vaughn had taken pictures of it. At the conclusion of the discussion, counsel for Vaughn stated that he would bring it up later. No further ruling was made.

In order to preserve error on a claim that evidence was erroneously excluded, it is necessary to make an offer of proof pursuant to Rule 103 of the Rules of Evidence, and along with the offer of proof, error is preserved only "by specifically articulating the legal basis for his proffer at trial." *Golliday v. State*, No. PD-0812-17, 2018 Tex. Crim. App. LEXIS 1007 at *10 (Tex. Crim. App. Oct. 31, 2018) (*citing Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Further, in order to preserve error, it is necessary that the trial court rule on the objection or offer of proof. *See* TEX. R. APP. P. 33.1(a)(2)(A) (Record must show that the trial court ruled expressly or implicitly on the request, objection, or motion). Vaughn did not argue that the evidence was admissible to show the reasonableness of his claim of apprehension as the basis for admitting the evidence at the time of his proffer to the trial court, but stated that he would bring the issue up again at a later time. Because Vaughn did not articulate the legal basis for his argument, and then did not get a ruling from the trial court on his offer of proof, he has not preserved this objection for appeal. We overrule issue one.

In his second issue, Vaughn complains that he was not allowed to cross-examine Glasshoff regarding whether he had previously struck Vaughn. The State objected and Vaughn told the trial court at the bench that he wanted to ask the question to Glasshoff so he could get into their background in order to show how Glasshoff had been aggressive toward Vaughn in the past. No other information was provided to the trial court, either in a formal offer of proof or proffer of testimony. The trial court stated that

this evidence would not be allowed until some evidence of self-defense had been admitted, and counsel for Vaughn did not argue any further legal theories as to why the evidence would have been admissible.[1]

In order to preserve error regarding the exclusion of evidence, the complaining party must make an offer of proof to establish the substance of the proffered evidence, except for certain rare circumstances that are not present in this proceeding. *See* TEX. R. EVID. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). Because Vaughn did not make an offer of proof or a proffer of the substance of the testimony, this issue is not preserved. We overrule issue two.

In his third issue, Vaughn complains that the trial court erred by refusing to allow Vaughn to testify that he knew of an instance where Glasshoff had shot at a neighbor's daughters. The State objected to relevance and then to hearsay. Counsel for Vaughn argued that the relevance of the evidence was to show that in September of 2014, Vaughn attended a deposition taken of the neighbor in a civil proceeding Vaughn had filed against the neighbor. During the deposition Vaughn allegedly heard the neighbor testify that Glasshoff had shot at her daughters. No further information was given by counsel for Vaughn regarding the circumstances of the alleged shooting or how it was relevant

---

[1] At oral argument, Vaughn argued for the first time that self-defense had been raised in his opening statement to the jury. However, he did not make this argument to the trial court or to this Court in his briefing. Therefore, because Vaughn did not make this contention to the trial court, we will not consider whether self-defense had been raised in our discussion of this issue. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) ("[I]t is not enough to tell the judge that the evidence is admissible. The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible.").

to his apprehension of Glasshoff and no offer of proof or other questions were presented to the trial court.

As with the second issue, in order to preserve error, an offer of proof or more specific proffer was necessary to show the trial court how the evidence was admissible. Therefore, this complaint was also not preserved. We overrule issue three.

In his fourth issue, Vaughn complains that the trial court erred by refusing to allow him to present evidence during his own testimony that Glasshoff had admitted that he had driven aggressively toward Vaughn when he struck Vaughn with his truck approximately five months prior to the shooting. When counsel for Vaughn asked Vaughn if Glasshoff had been shown the photographs in another proceeding that depicted Glasshoff's truck backing toward Vaughn from approximately five months prior to the shooting, the State objected on the basis of hearsay. Counsel for Vaughn responded that the testimony would be a statement against interest pursuant to Rule of Evidence 803(24). He did not argue that the evidence should have been admissible for any other purpose, including his state of mind or the reasonableness of his claim of apprehension of danger.

In order to preserve the complaint that the trial court erred in excluding evidence that Vaughn sought to introduce, Vaughn must have articulated, in response to the opposing party's objection, the reason why he believed the evidence was admissible. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). On appeal, the appellate

ground must then comport with the reason he argued to the trial court that the evidence should have come in, and if the grounds do not comport with each other, the issue is not preserved for review. *See id.* at 179. As to this complaint, his reason given for admission at trial does not comport with his complaint on appeal. Therefore, we overrule issue four.

*First Aggressor*

Vaughn contends that the following five bad acts were erroneously excluded because they showed that Glasshoff was the first aggressor in the difficulty between them: evidence of prior violent acts by Glasshoff toward a tenant living on Vaughn's property (issue five); a neighbor's testimony regarding specific violent confrontations between Glasshoff and others (issue six); the same neighbor's testimony regarding Glasshoff shooting animals (issue seven); another neighbor's testimony regarding violent confrontations between that neighbor and Glasshoff (issue eight); and testimony of Glasshoff's frequent discharge of firearms in the neighborhood (issue nine).

A defendant may be allowed to offer evidence of a victim's character for violence to show that a victim was the first aggressor in a violent encounter, regardless of whether the defendant was aware of that evidence. *Ex parte Miller*, 330 S.W.3d 610, 619 (Tex. Crim. App. 2009). Such evidence must be in the form of opinion or reputation, and not specific instances of violent behavior. *Id.*; TEX. R. EVID. 404(a)(3), 405(a).

In his fifth issue, Vaughn complains that the trial court erred by sustaining the State's objection to the question asked to a former tenant that lived on Vaughn's property

regarding whether Glasshoff had ever been violent towards her. The State objected to Vaughn attempting to introduce evidence of specific acts to show that Glasshoff was the first aggressor prior to the shooting. In his sixth issue, Vaughn complains that the trial court erred by sustaining the State's objection to his question of a witness regarding whether he had seen Glasshoff confront other people in the neighborhood. The State objected to the attempt to introduce specific acts of conduct. In his seventh issue, Vaughn complains that the trial court erred by sustaining the State's objection to the question of whether Glasshoff had a reputation for shooting at animals. The State argued that the question was attempting to introduce specific instances of conduct and was not seeking testimony regarding a character trait of the victim. In his eighth issue, Vaughn complains that the trial court erred by sustaining the State's objection to the same witness's testimony as to whether Glasshoff was confrontational with the witness on many occasions. In his ninth issue, Vaughn complains that the trial court erred by sustaining the State's objection to a question of a neighbor regarding whether Glasshoff had a reputation for "using firearms a lot." The State objected to the attempt to elicit a specific instance of conduct and that the question did not seek evidence of a character trait. Vaughn did not respond to the State's objections but moved on to another topic. Moreover, Vaughn did not attempt to make an offer of proof or proffer of what the testimony would have been regarding any of these issues.

As stated previously, in order to preserve error regarding the exclusion of evidence, the complaining party must make an offer of proof to establish the substance of the proffered evidence. *See* TEX. R. EVID. 103(a)(2); *Mays*, 285 S.W.3d at 889. Because Vaughn did not make an offer of proof or a proffer of the substance of the testimony, these issues are not preserved. We overrule issues five, six, seven, eight, and nine.

**JURY CHARGE ERROR**

In his tenth issue, Vaughn complains that the trial court erred by including a "provoking the difficulty" instruction in the jury charge for the guilt-innocence phase of the trial. The jury charge contained the following paragraph in the self-defense section of the instructions in the abstract portion of the jury charge:

> A person who has the right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force. You are not to consider whether the actor failed to retreat.

There was no other instruction or definition in the charge regarding provoking the difficulty or that defined what "provoked" meant in the context of the instruction as given. Vaughn argues that the inclusion of the provision in this paragraph constitutes an instruction on provoking the difficulty, and cites to the subsection in the penal code that defines the elements of provocation. *See* TEX. PENAL CODE ANN. § 9.31(b)(4) (West 2011). The elements of provocation or "provoking the difficulty" were not included in the charge.

We use a two-step process to review allegations of error in the jury charge. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). First, we determine whether error exists in the charge. *Id.* If error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error does exist, we review the record to determine whether the error caused sufficient harm to require reversal of the conviction. *Id.* at 744. When the defendant fails to object to the charge, we will not reverse based on charge error unless the record shows "egregious harm" to the defendant. *Id.* at 743-44 (*citing Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). There is no dispute that Vaughn did not object to the jury charge on this basis.

With regard to self-defense, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011). However, the right to self-defense has several limitations. *See id.* § 9.31(b) (West 2011). One limitation is the doctrine of provocation, also known as "provoking the difficulty." *See Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998). Under the Penal Code,

> [t]he use of force against another is not justified . . . (4) if the actor provoked the other's use or attempted use of unlawful force, unless: (A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and (B) the other nevertheless continues or attempts to use unlawful force against the actor.

TEX. PENAL CODE ANN. § 9.31(b)(4) (West 2011).[2]

The instruction given by the trial court here, however, is not an instruction regarding "provoking the difficulty." The instruction as worded does not inform the jury that it is unable to find in favor of Vaughn's self-defense claim if it were to find that Vaughn provoked the incident. Rather, the instruction informs the jury in the language from the statute that they are not to consider Vaughn's failure to retreat. *See* TEX. PENAL CODE ANN. § 9.32(c) (West 2011). We do not find that the jury charge contains an instruction on provoking the difficulty as Vaughn claims. Therefore, the charge is not erroneous and we do not address harm. See *Kirsch*, 357 S.W.3d at 649. We overrule issue ten.

**SUFFICIENCY OF THE EVIDENCE**

In his eleventh issue, Vaughn complains that the evidence was insufficient to disprove the justifications of self-defense and deadly force. In a claim of self-defense, "a defendant bears the burden of production," while "the State . . . bears the burden of persuasion to disprove the raised defense." *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The defendant's burden of production requires him to adduce some evidence that would support a rational jury finding in his favor on the defensive issue. *See Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013); *Shaw v. State*, 243 S.W.3d 647, 657-58

---

[2] The Court of Criminal Appeals has stated that the legal term of art, "provoking the difficulty," can be more accurately translated in modern usage to "provoked the attack" and can act as a total bar against a defendant's right to self-defense. *Smith*, 965 S.W.2d at 512.

(Tex. Crim. App. 2007). By contrast, the State's "burden of persuasion is not one that requires the production of evidence, rather it requires only that the State prove its case beyond a reasonable doubt." *Zuliani*, 97 S.W.3d at 594 (*citing Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)).

"When a jury finds the defendant guilty, there is an implicit finding against the defensive theory." *Id.* A jury, however, is not permitted to reach a speculative conclusion. *Elizondo v. State*, 487 S.W.3d 185, 203 (Tex. Crim. App. 2016). Nor is it permitted to disregard undisputed facts that allow only one logical inference. *Evans v. State*, 202 S.W.3d 158, 162-63 (Tex. Crim. App. 2006); *Satchell v. State*, 321 S.W.3d 127, 132 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

In reviewing the sufficiency of the evidence when a jury has rejected a claim of self-defense, in addition to considering the essential elements of the offense, we must determine whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found against the appellant on the self-defense issue beyond a reasonable doubt. *Saxton*, 804 S.W.2d at 914; *see Smith v. State*, 355 S.W.3d 138, 144-45 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). When some evidence, if believed, supports a self-defense claim, but other evidence, if believed, supports a conviction, we "will not weigh in on this fact-specific determination, as that is a function reserved for a properly instructed jury." *Reeves v. State*, 420 S.W.3d 812, 820 (Tex. Crim. App. 2013).

Vaughn argues that because he testified that he was afraid of Glasshoff because of prior altercations and Glasshoff's reputation in the neighborhood, believed that Glasshoff was pointing a gun rather than a cell phone at Vaughn while Glasshoff was sitting in his truck, and was afraid that Glasshoff would back his truck up into him that the evidence was insufficient for the jury to have rejected his defensive theories. However, the evidence also showed that Vaughn told the officers shortly after the shooting that he did not actually see a gun pointed at him by Glasshoff in the truck. Earlier the same day as the shooting, Vaughn had also had a conversation with neighbors that were Glasshoff's friends. During the conversation, Vaughn showed them the gun he had holstered on his leg and told them that "you never know when you are going to have to use [the gun]" because of the crazy people in the area. Also, the evidence was that Vaughn's first communication to Glasshoff that day started with cussing at Glasshoff, driving his Kubota into a ditch next to where Glasshoff was sitting in his truck on a public road, and then getting off his Kubota to stand behind the truck. The ballistic evidence showed that Vaughn fired his pistol twice from the passenger side behind the truck, and then three more times from the driver's side behind the truck, which showed that Vaughn was moving toward Glasshoff while shooting. Glasshoff testified that after Vaughn had shot him, Vaughn came up to Glasshoff, forced Glasshoff to the ground, and pointed the gun at Glasshoff's head. Blood was later found in that location, which supported Glasshoff's testimony. Vaughn claimed that he did not see blood on Vaughn or inside his truck, even

though there was substantial evidence to the contrary. Viewing the evidence in the light most favorable to the judgment, and giving appropriate deference to the jury as factfinders, we find that the evidence was sufficient for the jury to have rejected Vaughn's defense. We overrule issue twelve.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 12, 2018
Do not publish
[CR25]

